# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Electronic Records Held by AT&T Relating to the<br>Account Associated with the Cellular Telephone Number<br>52-663-322-4035 | )<br>)<br>)<br>)<br>)<br>) |

Case No.   '23  MJ3878

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-3 (incorporated herein)

located in the _____Southern_____ District of _____Florida_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-3 (incorporated herein)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Sec. 1324 | Bringing in and harboring certain aliens |

The application is based on these facts:

See attached Affidavit (incorporated herein)

☑ Continued on the attached sheet.

❏ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Aron C. Marcellus, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   10/25/2023

_____
*Judge's signature*

City and state:  San Diego, California

Hon. Mitchell D. Dembin
*Printed name and title*

## **AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Aron C. Marcellus, Special Agent with Homeland Security Investigations, being duly sworn, hereby state as follows:

### **INTRODUCTION**

1.     I submit this affidavit in support of an application for a search warrant for the following:

a.     Verizon Wireless (Verizon) located at 180 Washington Valley Rd. Bedminster, New Jersey, 07921, as described in Attachment A-1, to search the account and information associated with the phone number 520-965-8201 (**Subject Account 1**), including subscriber information, telephone toll data, and cell-site geo-location information, for the period of March 12, 2023 up to and including March 16, 2023;

b.     AT&T Wireless (AT&T) located at 11760 US Highway 1, Suite 300 North Palm Beach, Florida, 33408, as described in Attachment A-2, to search the account and information associated with the phone number 52-951-649-3834 (**Subject Account 2**), including subscriber information, telephone toll data, and cell-site geo-location information, for the period of March 12, 2023 up to and including March 16, 2023;

c.     AT&T Wireless (AT&T) located at 11760 US Highway 1, Suite 300 North Palm Beach, Florida, 33408, as described in Attachment A-3, to search the account and information associated with the phone number 52-663-322-4035 (**Subject Account 3**), including subscriber information, telephone toll data, and cell-site geo-location information, for the period of March 12, 2023 up to and including April 5, 2023;

2.     As set forth below, there is probable cause that these records and information constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, 8 U.S.C § 1324 (Bringing in, transporting, and harboring certain aliens, and conspiracy to do the same) (**Target Offenses**), as described in Attachments B-1, B-2, and B-3.

3.     This affidavit and applications are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of

electronic communication services.  In this case, as will be shown below, Verizon and AT&T provide electronic communication services in the form of cellular and wireless telephone service for (collectively, the **"Subject Accounts"**).

4.      This Court has jurisdiction to issue this warrant because it is "a district court of the United States (including a magistrate judge of such a court)" that "has jurisdiction over the offense being investigated." 18 U.S.C. §§ 2703(c)(1)(A), 2711(3)(A). All the conclusions and beliefs set forth in this affidavit are based on my training and experience, conversations with other agents who have extensive experience in human smuggling investigations, and my knowledge of the facts of this investigation. All of the dates, times, and amounts listed in this affidavit are approximate. Conversations and discussions below are set forth in substance unless noted. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to support the issuance of the requested warrants.

## AGENT EXPERIENCE AND BACKGROUND

5.      I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Titles 8, 18, and 21 of the United States Code.

6.      I am a Special Agent (SA) employed by the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I am a graduate of the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, and I have been employed as a SA since September 2017. I have been trained to conduct criminal investigations for multiple violations of federal and state laws including, but not limited to alien smuggling and narcotics smuggling, human trafficking, weapons trafficking, and organized criminal activity.  I am currently assigned to the Border Enforcement Security Task Force (BEST), Human Exploitation Group, specializing in a variety of criminal and financial investigations. My primary responsibilities include investigating human smuggling, human trafficking, and narcotics

violations.  These investigations include, but are not limited to, investigations involving wire fraud, money laundering, financial crimes, and bulk cash smuggling.

7.    The facts in this affidavit come from my personal observations, my training and experience, and information from other law enforcement officers and witnesses. Since this affidavit is for the limited purpose of obtaining the requested warrant, it does not set forth every fact that I or other law enforcement personnel may have learned in connection with this ongoing investigation.

## FACTS IN SUPPORT OF PROBABLE CAUSE

8.    On April 4, 2023, the Mexican Consulate reported to U.S. Border Patrol (USBP) Foreign Operations Branch (FOB) that E.J.C. contacted them from Mexico about her husband, Roberto REYES-Valencia, who was smuggled from Mexico into the United States on March 16, 2023, through Tijuana, B.C. E.J.C. stated that she was in contact with the smuggling organizer in Mexico identified as David JIMENEZ (JIMENEZ). Shortly after the smuggling event, JIMENEZ advised E.J.C. that all five individuals involved in her husband's smuggling event had drowned attempting to cross Otay Lakes.

9.    On April 5, 2023, USBP was conducting surveillance of the area of Otay Lakes via a helicopter #7230 checking for any deceased victims of the smuggling event that had occurred on March 16, 2023. At about 10:30 a.m., they located a single body floating face up at the far east pocket of the reservoir in approximately 3-5 feet of water, originally 20-30 feet off the shore (32.6401 North and 116.89855 West) and notified local law enforcement to respond to the scene.

10.    On that same day, at approximately 10:51 a.m., San Diego Police Department (SDPD) dispatch was notified that USBP had located a body in the water at Otay Lakes Reservoir. SDPD Officers from the Southern Division along with San Diego Lifeguards responded to the scene. The area is usually not covered in water and is a known crossing point for migrants from Mexico. The water had very poor visibility with a large amount of vegetation and floating debris.

3

11.    The decedent was moved from open water and pushed to the shoreline by USBP divers E. Carrillo and J. Hiney. The decedent was left at the shoreline and monitored for San Diego Lifeguards to conduct the official recovery of the body. At approximately 1:48 p.m., the body was removed from the water by San Diego Lifeguards Eichelberger #079127 and Via #226488. The decedent was wearing a dark colored backpack, dark colored t-shirt, jeans, and black boots. The body was severely bloated and discolored due to the rate of decomposition. However, the body had no signs of physical trauma.

12.    The decedent's backpack contained several personal items, small denominations of money (damaged by the water) and an identification document from Mexico with the name Reyes Valencia (the decedent was later positively identified as Roberto REYES-Valencia). Also included in the personal items in the decedent's possession were two cellular telephones. The decedent's family and the Mexican consulate provided the following two phone numbers associated with Roberto REYES-Valencia: 52-951-649-3834 (MX) (**Subject Account 2**) and 520-965-8201 (USA) (**Subject Account 1**).

13.    E.J.C. indicated that an individual named Wilfrido ALONZO-Miranda AKA "Messi" was the individual responsible for picking up the group near Otay Lakes and transporting them further into the United States. E.J.C. provided the phone number 52-663-322-4035 (MX) (**Subject Account 3**) for ALONZO-Miranda.

14.    USBP records show that the decedent, Roberto REYES-Valencia, was apprehended in a smuggling event on March 14, 2023, along with two other individuals. All three individuals had illegally entered the United States. Based on my training and experience, I know that once an individual makes arrangements to be smuggled into the United States by a Mexican based human smuggling organization, if apprehended, they will generally continue to use the same smuggling organization to coordinate subsequent attempts to enter the United States until they are successful. On March 16, 2023, REYES-

4

Valencia attempted another smuggling event in the same area where he was apprehended days earlier, which suggests he used the same smuggling organization both times.

15.     Utilizing law enforcement databases, investigators found that **Subject Account 1** is serviced by Verizon.   Additionally, investigators served subpoenas for reverse toll information for the two Mexican based phone numbers, **Subject Account 2 and Subject Account 3**. Subpoena returns showed that both of these accounts are serviced by AT&T when used in the United States.

16.     Based on my training and experience, and my consultation with other law enforcement officers, I am aware that Verizon and AT&T routinely collect and store data for the electronic communication accounts to which it and other providers issue telephone numbers.   The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

17.     In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

18.     Given these facts, I seek a warrant to search the **Subject Accounts** for the records and information in Attachments B-1, B-2, and B-3.

### PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

19.     The United States is unaware at this time of other attempts by the U.S. government to obtain this data by other means.

### REQUEST FOR PRECLUSION OF NOTICE AND SEALING

20.     This is an ongoing investigation of which the suspected foot guides and their co-conspirators are currently unaware. There is reason to believe, based on my training and

5

experience, that premature disclosure of the existence of the warrant will result in destruction or tampering of evidence, suspected foot guides' flight to or remaining in Mexico to avoid prosecution, and seriously jeopardize the success of the investigation. Accordingly, this application requests that the accompanying warrant and related materials be sealed until further order of the Court. In addition, pursuant to 18 USC § 2705(b), it is requested that this Court order Verizon and AT&T to not notify anyone of the existence of this warrant, other than its personnel essential to compliance with the execution of this warrant until 180 days, April 22, 2024, absent further order from this Court.

## CONCLUSION

21.    Based on the foregoing, I request that the Court issue the proposed search warrants, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

22.    Based upon my training and experience, consultation with other law enforcement officers experienced in human smuggling investigations, and all the facts and opinions set forth in this Affidavit, there is probable cause to believe that the **Subject Accounts** to be seized, as set forth above and in Section I of Attachment B-1, B-2, and B-3, will be found in the location described in Attachment A-1, A-2, and A-3, and will contain evidence of violations of the **Target Offenses**.

///
///
///
///
///
///
///
///
///
///

1     23.    Therefore, I respectfully request that the Court issues warrants authorizing

2 me, or another federal law enforcement agent, to order Verizon and AT&T to search its

3 corporate records for the **Subject Accounts** and to order Verizon and AT&T to deliver the

4 **Subject Accounts** listed in Attachment B-1, B-2, and B-3.

5

6                                                    Aron C. Marcellus

7                                                    Special Agent

8                                                    Homeland Security Investigations

9 Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

10 by telephone on this   25  day of October 2023.

11

12                                                    HONORABLE MITCHELL D. DEMBIN

13                                                    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ATTACHMENT A-3

### PROPERTY TO BE SEARCHED

AT&T hosts the electronic communication account associated with the telephone number 52-663-322-4035 that is the subject of this search warrant and search warrant application (**Subject Account 3**). AT&T is an electronic communication service provider whose primary computer information systems and other electronic communications, and storage systems, records, and data are located at 11760 US Highway 1, Suite 300 North Palm Beach, FL 33408.

## ATTACHMENT B-3
## ITEMS TO BE SEIZED

III.   Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A-3, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

IV.   Items to Be Seized

Agents shall seize the following records, data, and information covering March 15, 2023, up to and including April 5, 2023, and maintained by the Provider for the subject account identified in Attachment A-3:

    a.  Subscriber information, including:
        i.   Names;
        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        iii. Local and long-distance telephone connection records;
        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        v.   Length of service (including start date) and types of service utilized;
        vi.  Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
        vii. Other subscriber numbers or identities; and
        viii. Means and source of payment (including any credit card or bank account number) and billing records.

    b.  Records and other information about past wire or electronic communications sent or received by the subject account, including:
        i.   the date and time of the communication;
        ii.  the method of the communication;
        iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; [and]

15

1

      iv.  Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications;

2

3

which are evidence of violations of 8 U.S.C. §§ 1324.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28